UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRAVIN CHANDER THALASILA,<br><br>Plaintiff,<br><br>v.<br><br>WAYNE LO, dba ESREALTIME,<br><br>Defendant. | Case No. 23-cv-06116-EJD<br><br>**AMENDED ORDER DENYING PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION; ADOPTING REPORT AND RECOMMENDATION; DENYING MOTION FOR DEFAULT JUDGMENT WITH LEAVE TO FILE RENEWED MOTION**<br><br>Re: ECF Nos. 10, 17 |

Plaintiff Pravin Chander Thalasila ("Plaintiff") brings this action against Defendant Wayne Lo dba ESREALTIME ("Defendant") seeking recognition of a foreign money judgment Plaintiff obtained against Defendant in the Supreme Court of British Columbia, Canada. *See* Compl., ECF No. 1. The case was assigned to Magistrate Judge Cousins. *See* ECF No. 3. Defendant was served on February 6, 2024, *see* ECF No. 7, and as of this date has not appeared in the case. Upon Plaintiff's motion, the Clerk entered default as to Defendant on February 9, 2024. *See* ECF No. 9.

Plaintiff moved for default judgment on February 14, 2024. *See* Mot., ECF No.10. On February 20, 2024, Judge Cousins issued an order requesting supplemental briefing from Plaintiff on whether the Court has personal jurisdiction over Defendant. *See* ECF No. 12. Plaintiff submitted the requested brief on March 5, 2024. *See* ECF No. 14. On March 21, 2024, Judge Cousins issued an order requesting reassignment and an accompanying report and recommendation (the "Report and Recommendation") to deny Plaintiff's motion for default

Case No.: 23-cv-06116-EJD
ORDER RE: PL.'S OBJS. TO R&R; ADOPTING R&R; DENYING MOT. DEFAULT J.;
GRANTING LEAVE TO FILE RENEWED MOT. DEFAULT J.

1

judgment for lack of personal jurisdiction. *See* Rep. & Recommendation ("R&R"), ECF No. 17. The case was reassigned to the undersigned on March 22, 2024, and the Court adopted the Report and Recommendation on April 1, 2024. *See* ECF Nos. 18, 19. Plaintiff filed objections (the "Objections") to the Report and Recommendation a few hours later. *See* Objs., ECF No. 20. Shortly thereafter, the Court issued a further order stating that it would consider the subsequently filed Objections. *See* ECF No. 22. The Court additionally stayed the effect of the prior order until its review of the Objections. *See id.*

Plaintiff does not contend that the Report and Recommendation erred in its reasoning, and instead states that Plaintiff "determined that he needed to submit additional facts that were not alleged in his prior pleadings to support the Court's exercise of personal jurisdiction." Objs. 3. Plaintiff accordingly asserts that (1) Defendant has a United States social security number; (2) Defendant has previously resided in California; (3) Defendant has banking relationships with financial institutions in the United States; (4) Defendant "posted on his website that he maintains brokerage accounts with GFF Brokers (Global Futures & Forex Inc.), which is based in Calabasas, California, and with Tradovate, LLC, which operates out of Chicago, Illinois and Columbus, Ohio"; (5) Defendant "uses these brokerages for trading futures, the same as the ones Defendant solicited Plaintiff for and used to lose Plaintiff's investment"; (6) Plaintiff provided his California contact information to Defendant when he signed up for Defendant's services; and (7) Plaintiff sent Defendant funds from Plaintiff's bank account located in California, so that Plaintiff suffered the loss of his investment in California. *Id.* (citing Thalasila Decl. in Supp. of Objs. ("Thalasila Decl.") ¶¶ 3–5, ECF No. 20-1). Plaintiff argues that these additional facts establish that Defendant's contacts with California are sufficient to establish personal jurisdiction. *Id.* at 4–7.

The Court disagrees. Plaintiff concedes that Defendant is not subject to general personal jurisdiction in California. *See id.* at 4. The Court therefore evaluates whether Defendant is subject to specific jurisdiction according to the Ninth Circuit's three-pronged test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident

Case No.: 23-cv-06116-EJD
ORDER RE: PL.'S OBJS. TO R&R; ADOPTING R&R; DENYING MOT. DEFAULT J.; GRANTING LEAVE TO FILE RENEWED MOT. DEFAULT J.

> thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

Here, Plaintiff's additional facts (1)–(3) do not assist with the analysis, as facts (1) and (3) are not specific to California, and fact (2) regarding Defendant's prior residence in California does not appear related to Plaintiff's alleged injury. Facts (6) and (7) establish Defendant's relationship with Plaintiff, which is an insufficient basis for jurisdiction. *See Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("[T]he plaintiff cannot be the only link between the defendant and the forum."). Facts (4) and (5) appear to be the facts most helpful to Plaintiff, but Plaintiff has not argued the significance, if any, of Defendant's use of a California-based company's brokerage account.[1] *See generally* Objs. That is, the Court is unable to conclude from Plaintiff's submission that Defendant's maintenance of a brokerage account from a company based in California indicates that the account is held in California or otherwise entitles Defendant to the benefits and protections of California laws, or, even if Defendant is so entitled, that the account is related to Defendant's alleged loss of Plaintiff's funds.

Nonetheless, it appears to the Court that Plaintiff may be able to allege facts sufficient to establish the Court's specific personal jurisdiction over Defendant if Plaintiff is able to more clearly allege and argue the extent of Defendant's contacts with California, including but not

---

[1] The Court is unsure of the meaning of the rather convoluted statement that Defendant "uses these brokerages for trading futures, the same as the ones Defendant solicited Plaintiff for and used to lose Plaintiff's investment." Objs. 3; *see also* Thalasila Decl. ¶ 4 ("Defendant uses these brokerages for trading futures such as he solicited me for and used to trade, and lose my investment.").

Case No.: 23-cv-06116-EJD
ORDER RE: PL.'S OBJS. TO R&R; ADOPTING R&R; DENYING MOT. DEFAULT J.; GRANTING LEAVE TO FILE RENEWED MOT. DEFAULT J.

3

limited to any specific actions taken on Defendant's website[2] directed to California residents, any additional information about Defendant's brokerage account(s) in California and the resulting benefits and privileges, and any further information about Defendant's use of brokerage accounts—particularly California-based brokerage accounts—in Defendant's alleged misuse of Plaintiff's funds.

Accordingly, the Court DENIES Plaintiff's objections for the reasons discussed above, ADOPTS the Report and Recommendation for the same reasons as in its prior order, and again DENIES Plaintiff's motion for default judgment. However, this order AMENDS and SUPERCEDES the Court's prior order, *see* ECF No. 19, in that the Court does not here dismiss the action for lack of jurisdiction. Rather, the Court GRANTS Plaintiff leave to file a renewed motion for default judgment and supporting evidence. Any such renewed motion must be filed within 10 days of the entry of this order.

Plaintiff shall serve a copy of this order upon Defendant.

**IT IS SO ORDERED.**

Dated: April 8, 2024

EDWARD J. DAVILA
United States District Judge

---

[2] It would likely be beneficial for Plaintiff to provide information sufficient to identify the website, such as a URL or a Wayback Machine exhibit.

Case No.: 23-cv-06116-EJD
ORDER RE: PL.'S OBJS. TO R&R; ADOPTING R&R; DENYING MOT. DEFAULT J.; GRANTING LEAVE TO FILE RENEWED MOT. DEFAULT J.
4