UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRAVIN CHANDER THALASILA,<br><br>Plaintiff,<br><br>v.<br><br>WAYNE LO,<br><br>Defendant. | Case No.   23-cv-06116-EJD<br><br>**ORDER GRANTING RENEWED MOTION FOR DEFAULT JUDGMENT**<br><br>Re: ECF No. 26 |

Pending before the Court is Plaintiff Pravin Chander Thalasila's ("Plaintiff") Renewed Motion for Default Judgment (the "Motion") against Defendant Wayne Lo ("Defendant"). *See* Mot., ECF No. 26. The Court heard oral argument on the Motion on May 23, 2024. For the reasons discussed at the hearing and described below, the Court GRANTS Plaintiff's Motion.

## I.   BACKGROUND

### A.   Factual Allegations

Plaintiff is California resident and Defendant is a Canadian resident. Compl. ¶¶ 3–4, ECF No. 1. Defendant operates an online subscription service called ESRealTime that offers stock tips and alerts. Compl., Exh. A ("Canadian Civil Claim") ¶ 4, ECF No. 1. The service is offered through a private channel on Discord, an instant messaging social platform. *Id.* Plaintiff first subscribed to Defendant's service in January 2021. *Id.* ¶ 7. Plaintiff unsubscribed from the service in February 2021. *Id.* ¶ 8.

In November 2021, Plaintiff approached Defendant about actively managing Plaintiff's trading account on Ninjatrader, a futures trading application. *Id.* ¶¶ 7, 9. They entered into an

Case No.: 23-cv-06116-EJD
ORDER GRANTING PL.'S RENEWED MOT. DEF. J.
1

1  agreement about what investment rules Defendant would follow. *Id.* ¶ 10. On or around
2  November 23, 2021, Defendant violated those rules, resulting in losses to Plaintiff's account. *Id.* ¶
3  11. The parties conferred, and subsequently transferred the remaining balance to a different
4  trading account and agreed on new investment parameters. *Id.* ¶¶ 12–14. In December 2021,
5  subsequent trades by Defendant outside those parameters resulted in more loses for Plaintiff. *Id.*
6  ¶¶ 15–18. Defendant acknowledged to Plaintiff that Defendant had not followed his own trading
7  rules. *Id.* ¶ 19.

### B. Procedural History

Plaintiff filed a civil claim against Defendant in Canadian court in March 2023. Compl. ¶ 5. According to Plaintiff, he served Defendant in accordance with Canadian law. *Id.* ¶ 7. Defendant did not respond, and the Canadian court entered a default judgment against him on July 5, 2023, for CAD $107,034.96 (USD $80,641.12). *Id.* ¶ 7; *see also id.* Exh. B, ECF No. 1.

Plaintiff filed this action on November 27, 2023, seeking recognition of the Canadian judgment against Defendant (1) under California's Uniform Foreign Country Money Judgments Recognition Act ("Recognition Act"), Cal. Code Civ. Proc. § 1713, *et seq*., and (2) pursuant to international comity. *See* Compl. ¶¶ 5–12. On Plaintiff's motion, the Clerk entered default on February 7, 2024. *See* ECF Nos. 8, 9.

On February 14, 2024, Plaintiff filed a motion for default judgment. *See* ECF No. 10. On March 21, 2024, Judge Cousins issued a Report and Recommendation (the "R&R") to deny the motion on the basis that the Court could not establish personal jurisdiction over Defendant. The matter was transferred to the undersigned on March 22, 2024. *See* ECF No. 18. On April 1, 2024, the Court adopted the R&R in full and dismissed the case. *See* ECF No. 19. About five hours later, Plaintiff filed written objections to the R&R, stating that he could provide additional facts to establish personal jurisdiction. *See* ECF No. 20. The Court amended its order to still adopt the report and recommendation, denied the objections and the motion, but permitted Plaintiff to file a renewed motion for default judgment. *See* ECF No. 24.

On April 17, 2024, Plaintiff filed the instant Motion renewing his request for default

Case No.: 23-cv-06116-EJD
ORDER GRANTING PL.'S RENEWED MOT. DEF. J.
2

1  judgment against Defendant. *See* Mot. Defendant did not file a response by the May 1, 2024

2  deadline. The Court held a hearing on the Motion on May 23, 2024; Defendant did not appear at

3  the hearing.

## II. LEGAL STANDARD

Default may be entered against a party who fails to plead or otherwise defend an action and against whom a judgment for affirmative relief is sought. Fed. R. Civ. P. 55(a). Upon default, the factual allegations of the complaint, except those concerning damages, are deemed admitted by the non-responding parties. *HICA Educ. Loan Corp. v. Warne*, No. 11-cv-04287-LHK, 2012 WL 1156402, at *1 (N.D. Cal. Apr. 6, 2012) (citing *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002)).

Following a defendant's default, courts have discretion to enter default judgment. Fed. R. Civ. P. 55(b); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Before doing so, courts must ensure they have subject matter and personal jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). These jurisdictional thresholds apply to default judgments based on Recognition Act claims. *See Severs v. Hyp3r Inc.*, No. 22-CV-04413-DMR, 2023 WL 5652488, at *2–5 (N.D. Cal. Aug. 11, 2023) (analyzing whether court had personal jurisdiction for purposes of recognizing Canadian judgment); *Wuxi Powerbit Data Tech. Ltd. v. BiTMICRO Networks, Inc.*, No. 22-CV-08959-JCS, 2023 WL 4995720, at *4 (N.D. Cal. June 9, 2023) (finding personal jurisdiction proper over California corporation for purposes of default judgment on Recognition Act claim); *see also* Restatement (Third) of Foreign Relations Law § 481 cmt. g (1987) ("[E]nforcement of a debt arising out of a foreign judgment must be initiated by civil action, and the judgment creditor must establish a basis for the exercise of jurisdiction by the enforcing court over the judgment debtor or his property."). *But see Lenchyshyn v. Pelko Elec., Inc.*, 723 N.Y.S.2d 285, 292 (2001) ("[W]e conclude that it is immaterial to recognition and enforcement of a foreign country money judgment whether there is any basis for the exercise of personal jurisdiction over the judgment debtor in [recognizing jurisdiction].").

When deciding whether to enter default judgment, a court considers the *Eitel* factors:

Case No.: 23-cv-06116-EJD
ORDER GRANTING PL.'S RENEWED MOT. DEF. J.
3

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the underlying default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In evaluating these factors, all factual allegations in the complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

## III. DISCUSSION

### A. Jurisdiction

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds $75,000 exclusive of interest and costs, and because there is diversity of citizenship between the parties. *See* Compl. 2–4.

The Court also finds that it has personal jurisdiction over Defendant. Absent one of the traditional bases for personal jurisdiction (presence, domicile or consent), due process requires that the defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Wash., Office of Unemployment Compensation & Placement*, 326 U.S. 310, 316 (1945) (internal quotes omitted); *Walden v. Fiore*, 571 U.S. 277, 283 (2014). A defendant who is not "at home" in the forum state and thus not subject to general or all-purpose jurisdiction may still be subject to specific jurisdiction on claims related to its activities or contacts there.

The Ninth Circuit evaluates specific jurisdiction under a three-pronged test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

Case No.: 23-cv-06116-EJD
ORDER GRANTING PL.'S RENEWED MOT. DEF. J.
4

Here, Defendant purposefully directed his activities toward California and his residents by: (1) maintaining brokerage accounts with Global Futures & Forex Inc. ("GFF Brokers"), which is based in Calabasas, California; (2) personally using GFF Brokers account for trading futures; (3) recommending that his California clients use GFF Brokers accounts; and (4) actively soliciting investors in California. *See* Decl. of Pravin Thalasila ¶¶ 3–5, ECF No. 26-1. Further, Plaintiff's claim arises out of Defendant's forum-related activities, as Defendant used a GFF Brokers account in California for the unauthorized trading of futures on Plaintiff's behalf that led to the loss of Plaintiff's investment in California. *Id.* ¶ 5. Given Defendant's conduct with regard to the use of the California GFF Brokers accounts, and Defendant's lack of showing as to why the Court should not exercise jurisdiction in this action, the Court finds the exercise of jurisdiction over Defendant comports with fair play and substantial justice. *See Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007) (noting that burden is on defendant to show that exercise of jurisdiction would not be reasonable) (citation omitted).

For these reasons, the Court finds that personal jurisdiction over Defendant is proper.

### B.     Default Judgment

In considering the *Eitel* factors, the Court notes that there is a near-certain probability of prejudice to Plaintiff if judgment is not entered. Plaintiff has provided certificates of service on Defendant as to all filings in this case and the Canadian case, and Defendant has not responded in either one. *See* Compl. Exhs. A–B. Without a judgment in this action, Defendant will by inaction have stymied Plaintiff's attempt to domesticate the Canadian judgment entered in his favor based on the same underlying conduct of Defendant. Further, Plaintiff's complaint, accepted as true, sufficiently states a claim for recognition of the Canadian judgment under both the Recognition Act and the principles of international comity. Given the record of service, there is no indication that the underlying default was due to excusable neglect on Defendant's part, nor has the Court received any submission that might suggest the possibility of a dispute concerning the material facts. And although the Court recognizes the strong policy of favoring decisions on the merits, the mechanism of default judgment exists for cases such as this, where a defendant simply chooses

not to engage with judicial process.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Plaintiff's Renewed Motion for Default Judgment in the amount of $80,641.12, which is the equivalent of the Canadian default judgment entered against Defendant on July 5, 2023. A separate judgment will issue.

**IT IS SO ORDERED.**

Dated: May 23, 2024

EDWARD J. DAVILA
United States District Judge