UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PRAVIN CHANDER THALASILA,

Plaintiff,

v.

WAYNE LO,

Defendant.

Case No.   5:23-cv-06116-EJD

**ORDER DENYING PLAINTIFF'S MOTIONS TO SEAL**

Re: ECF Nos. 36, 37

Before the Court are Plaintiff Pravin Chander Thalasila's Motions to Seal Documents and to Seal Case.  Mot. to Seal Documents, ECF No. 36; Mot. to Seal Case, ECF No. 37.  For the following reasons, the Court **DENIES** the Motions.

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  A request to seal court records therefore starts with a "strong presumption in favor of access." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court.  A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016).  For records attached to motions that are "not related, or only tangentially related, to the merits of the case," the lower "good cause" standard of Rule 26(c) applies. *Id.; see also Kamakana,* 447 F.3d at 1179.  A party

Case No.: 5:23-cv-06116-EJD
ORDER DENYING PLAINTIFF'S MOTIONS TO SEAL

1

United States District Court
Northern District of California

moving to seal court records must also comply with the procedures established by Civil Local Rule 79-5.

Under Civil Local Rule 79-5, a motion to seal a party's own document must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal." Civil L.R. 79-5. This includes an explanation of "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." *Id.* The motion must also include evidentiary support from declarations where necessary and "a proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed." *Id.*

Here, Plaintiff has submitted two sealing motions, which appear to be identical. *See* Mot. to Seal Documents, Mot. to Seal Case. The motions request that the Court seal "the records in this action" and "the court file." Mot. to Seal Documents at 1, Mot. to Seal Case at 1. That is, Plaintiff seems to ask that the Court seal every document in this case, from the complaint to the judgment. Plaintiff contends that "[a]lthough the record reflects that Applicant was the prevailing party and the victim of wrongdoing, casual readers—including employers, colleagues, and professional contacts—may incorrectly infer financial impropriety or misconduct based solely on the presence of litigation." Mot. to Seal Documents at 2, Mot. to Seal Case at 2.

But Plaintiff does not articulate which legal standard the Court should apply to the motions. Nor does Plaintiff follow the instructions set out in Civil Local Rule 79-5. These deficiencies, combined with the breadth of Plaintiff's request, leave the Court unable to determine whether any documents should properly be sealed. Consequently, Plaintiff's Motions are **DENIED.**

Should Plaintiff seek to re-file an Administrative Motion to Seal, the Court directs Plaintiff to comply with Civil Local Rule 79-5, including submission of a declaration establishing that the document or portions thereof is sealable and a proposed order that is narrowly tailored and articulates specific reasons supporting the decision to seal. *See* Civil L.R. 79-5; *Apple Inc. v.*

Case No.: 5:23-cv-06116-EJD
ORDER DENYING PLAINTIFF'S MOTIONS TO SEAL
2

United States District Court
Northern District of California

*Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) (reversing District Court order that without explanation sealed court documents).

**IT IS SO ORDERED.**

Dated: June 4, 2026

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

Case No.: 5:23-cv-06116-EJD
ORDER DENYING PLAINTIFF'S MOTIONS TO SEAL

3